E-FILED
Thursday, 23 December, 2004  03:29:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GARY L. HEIN, JR. and ELIZABETH J. HEIN,<br><br>　　　　Plaintiffs,<br><br>V.<br><br>MERCK & CO., INC.,<br><br>　　　　Defendant. | No. 2004 cv 2248 |

**MERCK'S EXPEDITED MOTION TO TEMPORARILY STAY ALL PROCEEDINGS
IN THIS ACTION OR IN THE ALTERNATIVE EXTEND TIME
TO RESPOND PENDING TRANSFER DECISION
BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

　　　　Defendant Merck & Co., Inc. ("Merck") moves this Court to temporarily stay all proceedings in this action pending resolution of Merck's motion before the Judicial Panel on Multidistrict Litigation (the "JPML") for transfer of this case and numerous other cases to a single district court for coordinated pre-trial management pursuant to 28 U.S.C. § 1407 (the "MDL motion").  (*See* Motion for Coordinated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407.)  In the alternative, pursuant to L. Civ. R. 6.1, Merck seeks an extension of time from January 12, 2005 until March 14, 2005 within which to answer, move, or otherwise respond to the Complaint in this action.  Merck's answer or motion to dismiss is currently due January 12, 2005 pursuant to an agreed motion entered on December 3, 2004.  Plaintiffs have refused to agree to a further extension.  Because of the impending deadline, Merck respectfully requests expedited consideration of this Motion.[1]

---

[1]　Pursuant to L. Civ. R. 7.1(A)(1)(a) and (b), Merck does not believe that oral argument or a telephone conference is necessary for resolution of this Motion.

There are now twenty-seven lawsuits pending in three federal district courts alleging that Merck and various of its directors and officers breached various legal obligations (arising under the federal securities laws, ERISA and state corporation law) by concealing cardiovascular risks associated with the prescription drug VIOXX®. These cases involve overlapping factual claims and similar legal theories. As Merck demonstrated in its MDL motion, MDL coordination before a single judge is the only sensible way to fairly and efficiently manage these cases. Indeed, no plaintiff in any case has opposed MDL treatment of some sort, although there are differences regarding the form the MDL should take and the appropriate transferee district. The hearing before the JPML on the MDL motion is scheduled for January 27, 2005.

Merck has been working diligently with plaintiffs in the various cases to secure agreements for extensions or stays of current deadlines, because it makes no sense at the present time to litigate the same issues in different cases, when it is certainly likely that they all will be transferred to a single MDL judge for coordinated proceedings. Most plaintiffs have been amenable to such stays or extensions.

However, Plaintiffs in this action have refused to put their case even briefly on hold pending the outcome of the MDL motion. They have rejected Merck's request to extend the current stipulated schedules to allow the MDL motion to be decided before Merck must file its initial pleading or motion to dismiss in this case.

A temporary stay of proceedings in this case is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407. Absent a stay, this Court would have to expend time and resources supervising and ruling on pre-trial proceedings that will likely need to be repeated in another court after the twenty-seven pending federal cases are coordinated for pre-trial purposes. Moreover, without a temporary stay, Merck will be significantly and unfairly

prejudiced as it will be forced to engage in duplicative motions to dismiss, discovery, and other pre-trial proceedings in multiple jurisdictions.

WHEREFORE, Merck respectfully requests that this Court grant its Motion and temporarily stay all proceedings in the above-captioned case pending resolution of Merck's motion before the JPML for transfer of this case to a single court for coordinated pretrial management.  In the alternative, Merck seeks an extension of time until March 14, 2005 within which to answer, move, or otherwise respond to the Complaint in this action.  Because of the impending deadline (January 12, 2005), Merck respectfully requests expedited consideration of this Motion.  A proposed order is attached as Exhibit A.

Respectfully submitted,

By: s/ Nathan L. Garroway
Dan H. Ball #06192613
Nathan L. Garroway #50190
Attorneys for Defendant
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  314-259-2000
Facsimile:  314-259-2020
E-mail:      ngarroway@bryancave.com
             dball@bryancave.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2004, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>James Peckert
>Kehart, Peckert & Booth
>132 South Water Street, Suite 200
>Post Office Box 860
>Decatur, Illinois 62525-0860
>Email: jep@kehart.com

>s/ Nathan L. Garroway
>Nathan L. Garroway #50190
>Attorneys for Defendant
>BRYAN CAVE LLP
>One Metropolitan Square
>211 North Broadway, Suite 3600
>St. Louis, Missouri 63102
>Telephone:  314-259-2000
>Facsimile:  314-259-2020
>E-mail:    ngarroway@bryancave.com