E-FILED
Thursday, 23 December, 2004  03:45:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GARY L. HEIN, JR. and ELIZABETH J. HEIN,<br><br>        Plaintiffs,<br><br>V.<br><br>MERCK & CO., INC.,<br><br>        Defendant. | No. 2004 cv 2248 |

**MEMORANDUM IN SUPPORT OF MERCK'S EXPEDITED MOTION
TO TEMPORARILY STAY ALL PROCEEDINGS IN
THIS ACTION OR IN THE ALTERNATIVE EXTEND
TIME TO RESPOND PENDING TRANSFER DECISION
BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

## I.    INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") moves this Court to temporarily stay all proceedings in this action pending resolution of Merck's motion before the Judicial Panel on Multidistrict Litigation (the "JPML") for transfer of this case and numerous other cases to a single district court for coordinated pre-trial management pursuant to 28 U.S.C. § 1407 (the "MDL motion").  (*See* Motion for Coordinated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407, attached hereto as Exhibit A.)  In the alternative, pursuant to L. Civ. R. 6.1, Merck seeks an extension of time from January 12, 2005 until March 14, 2005 within which to answer, move, or otherwise respond to the Complaint in this action.  Merck's answer or motion to dismiss is currently due January 12, 2005 pursuant to an agreed motion entered on December 3, 2004.  Plaintiffs have refused to agree to a further extension.  Because of the impending deadline, Merck respectfully requests expedited consideration of its Motion.

There are now twenty-seven lawsuits pending in three federal district courts alleging that Merck and various of its directors and officers breached various legal obligations (arising under the federal securities law, ERISA and state corporation law) by concealing cardiovascular risks associated with the prescription drug VIOXX®.  Of the twenty-seven actions, only this case is pending in this District – the remainder are pending in the District of New Jersey and the Eastern District of Louisiana.  These cases involve overlapping factual claims and similar legal theories.  As Merck demonstrated in its MDL motion, MDL coordination before a single judge is the only sensible way to fairly and efficiently manage these cases.  Indeed, no plaintiff in any case has opposed MDL treatment of some sort, although there are differences regarding the form the MDL should take and the appropriate transferee district.  The hearing before the JPML on the MDL motion is scheduled for January 27, 2005.

Merck has been working diligently with plaintiffs in the various cases to secure agreements for extensions or stays of current deadlines, because it makes no sense at the present time to litigate the same issues in different cases, when it is certainly likely that they all will be transferred to a single MDL judge for coordinated proceedings.  Most plaintiffs have been amenable to such stays or extensions.  However, Plaintiffs in this action have refused to put their case even briefly on hold pending the outcome of the MDL motion.  They have rejected Merck's request to extend the current stipulated schedules to allow the MDL motion to be decided before Merck must file its initial pleading or motion to dismiss in this case.

A temporary stay of proceedings in this case is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407.  Absent a stay, this Court would have to expend time and resources supervising and ruling on pre-trial proceedings that will likely need to be repeated in another court after the twenty-seven pending federal cases are coordinated for pre-

trial purposes. Moreover, without a temporary stay, Merck will be significantly and unfairly prejudiced as it will be forced to engage in duplicative motions to dismiss, discovery, and other pre-trial proceedings in multiple jurisdictions.

## II.   FACTS

As noted, twenty-seven federal cases seeking some form of recovery for plaintiffs or on behalf of Merck shareholders are currently pending in three districts. The twenty-seven cases include purported shareholder class action claims under the Securities Act of 1933 and Securities Exchange Act of 1934, shareholder derivative claims, and class action claims brought under ERISA by Merck retirement plan participants whose funds were invested in a Merck stock fund. Each of the cases currently in federal court presents many virtually identical questions of fact and alleges similar theories of liability arising from allegations that Merck concealed cardiovascular risks associated with VIOXX®.

On October 18, 2004, Robert Mortensen, the plaintiff in one of the putative ERISA class actions pending in the District of New Jersey filed a motion with the JPML seeking transfer and pre-trial coordination of VIOXX®-related ERISA cases in that District. On November 8, 2004, Merck submitted to the JPML its own motion, in which Merck agreed that MDL transfer and pre-trial coordination for all putative ERISA class actions is appropriate, but argued that all the VIOXX®-related shareholder cases – whether securities, shareholder derivative, or ERISA claims – should be transferred to and coordinated in a single court. All parties who responded to the MDL request sought some form of centralization in the District of New Jersey or the Eastern District of Louisiana. The JPML hearing on these MDL requests is scheduled for January 27, 2005.

Plaintiffs in twelve cases have responded to the motions for MDL treatment of the VIOXX®-related shareholder cases.[1] All of the responses agree that some form of MDL coordination is appropriate (although there is disagreement as to the form it should take and as to the district to which the cases should be transferred).[2] No plaintiff has opposed MDL treatment.

As described by various plaintiffs and Merck in their MDL filings, the pre-trial coordination of these actions will eliminate the duplication of discovery, serve the convenience of the numerous parties and witnesses, expedite the just and efficient administration of these complex actions, avoid inconsistent rulings on critical pre-trial matters, and conserve the resources of the parties, their counsel, and the federal judiciary. *See* 28 U.S.C. § 1407.

### III.    ARGUMENT

The factors weighing in favor of coordinated pretrial proceedings in this matter are compelling. *See In re Global Crossing Ltd. Sec. & "ERISA" Litig.*, No. 1472, 2002 U.S. Dist. LEXIS 16863, at *3 (J.P.M.L. Sept. 6, 2002) (finding, that "[c]entralization under 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary"); *see also, e.g.*, *In re UnumProvident Corp. Sec., Derivative & "ERISA" Litig.*, 280 F. Supp. 2d 1368 (J.P.M.L. 2003); *In re Enron Corp. Sec.,*

---

[1] The deadlines for responding to Mortensen's MDL motion and Merck's MDL motion were November 8 and November 30, 2004, respectively.

[2] *See In re Merck & Co., Inc. "ERISA" Litig.*, MDL No. 1658, Response of Vincent Mullen (filed Nov. 15, 2004); Response of Melissa Patterson (filed Nov. 9, 2004); Response of Robert Cimato (submitted Nov. 8, 2004); Response of Denise Burtoft (submitted Nov. 8, 2004); *see also In re Merck & Co., Inc. Sec., Derivative and "ERISA" Litig.*, MDL No. 1658, Response of Zeph Ugwuneri (filed Nov. 29, 2004); Response of Henry Douglas Horne, Jr. (filed Nov. 30, 2004); Response of Charles Rosen (filed Nov. 30., 2004); Response of Muriel Kaufman (submitted Nov. 30, 2004); Response of Alan G. Hevesi (filed Dec. 1, 2004); Response of Doris Staehr and Halpert Enterprises, Inc. (filed Dec. 1, 2004); Response of Frank Pringle, et al. (Lead Plaintiffs) (filed Dec. 1, 2004); Response of Robert Mortensen (filed Dec. 1, 2004).

*Derivative & "ERISA" Litig.*, 196 F. Supp. 2d 1375 (J.P.M.L. 2002). Moreover, all plaintiffs who responded to Merck's MDL motion agreed with Merck that some form of section 1407 coordination is necessary, making it highly likely that this action will be transferred with the other VIOXX®-related shareholder cases to a single court for coordinated pretrial purposes.

To be sure, the JPML's rules provide that the pendency of a motion for section 1407 coordination "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending." R.P.J.P.M.L., 199 F.R.D. 425, Rule 1.5 (2001). It is well-established, however, that the district court in which a case is pending has the power and discretion to stay further proceedings pending the JPML's action. *See id.* (pendency of a motion to transfer a case pending before a district court "does not in any way limit the pretrial jurisdiction of that court"); *see also Tench v. Jackson Nat'l Life Ins. Co.*, No. 99-C-5182, 1999 WL 1044923 (N.D. Ill. Nov. 12, 1999) ("pending a decision by the MDL Panel whether to add a case, stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources"). It is "incidental to the power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Courts generally agree that a stay of proceedings is appropriate when the JPML is considering transfer of the case pursuant to section 1407. *See, e.g., Bd. of Trs. of the Teachers' Ret. Sys. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 906 (N.D. Ill. 2002) (staying proceedings in the

interest of judicial economy pending a transfer decision by the JPML); *Tench*, 1999 WL 1044923, at *2 (same).[3]

When deciding whether to issue a stay pending a decision by the JPML, courts look at (1) considerations of judicial economy and (2) prejudice to the parties. *Bd. of Trs. of the Teachers' Ret. Sys.*, 244 F. Supp. 2d at 905-06. Both factors favor this Court's granting a stay of this action.

A. **JUDICIAL ECONOMY MANDATES A TEMPORARY STAY.**

Because of the overlapping factual issues and similar legal theories that exist in the VIOXX®-related shareholder cases currently pending in federal court, including this matter, much work would be needlessly duplicated if pre-trial proceedings go forward before the JPML has an opportunity to rule. Such activity would include motions to dismiss, Rule 26(f) conferences and scheduling orders, status conferences, and other pre-trial matters. It makes little sense to have such activity occur separately in twenty-seven cases, only to have to be coordinated a short time later by the MDL transferee court.[4]

---

[3]   Courts outside the Seventh Circuit also routinely grant stays of all proceedings pending a decision by the JPML on a section 1407 transfer motion. *See, e.g., Register v. Bayer Corp.,* No. Civ.A.02-1013, 2002 WL 1585513 (E.D. La. 2002); *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997); *Arthur-Magna, Inc. v. Del-Val Fin Corp.*, Civ. A. No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991); *Rosenfeld v. Hartford Fire Ins. Co.*, Nos. 88 CIV 2153 (MJL), 88 Civ. 2252 (MJL), 1988 WL 49065 (S.D.N.Y. May 12, 1988); *Portnoy v. Zenith Laboratories*, Civ. A. No. 86-3512, 1987 WL 10236 (D.D.C. Apr. 21, 1987).

[4]   In *Berlien v. Merck & Co., Inc.*, Case No. 04-4657 (E.D. Pa., filed Oct. 4, 2004), a VIOXX®-related securities action that was filed in the Eastern District of Pennsylvania, Judge Timothy J. Savage appeared to agree with this point, *sua sponte* ordering on November 23, 2004 a stay of all proceedings in that action pending disposition of the transfer motion before the JPML. (*See* Order (dated November 23, 2004), attached hereto as Exhibit B).) Plaintiffs voluntarily dismissed the *Berlien* action on November 29, 2004, and re-filed in the Eastern District of Louisiana on December 17, 2004. Likewise, numerous district courts in various products liability cases against Merck have granted stays of all proceedings due to the pending MDL coordination motions in the context of the VIOXX® products liability suits (MDL No. 1657). *See, e.g., Biles v. Merck & Co., Inc.*, 04-cv-00975 (D. Md. Nov. 30, 2004) (Blake, J.); *Edler v. Merck & Co., Inc.*, No. 03-cv-03612 (D. Md. Nov. 30, 2004) (Blake, J.); *Shannon v. Merck & Co., Inc.*, No. 2:03CV105-D-B (N.D. Miss. Nov. 29,

(Footnote continued on next page)

If the JPML decides to transfer the cases to another court, pre-trial and discovery matters will be under the sole discretion of the transferee MDL judge. Merck respectfully submits that it is unnecessary to address these issues when the transferee judge will be required to address them in a matter of weeks. It also would be an unwarranted use of the Court's resources to hold initial conferences or issue scheduling or discovery orders, because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (the Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge"); *see also Bd. of Trs. of the Teachers' Ret. Sys.*, 244 F. Supp. 2d at 905 ("Almost by definition, little or no judicial resources are expended during the pendency of a stay."). Accordingly, a stay will conserve judicial resources.

---

(Footnote continued from previous page)

2004) (Davidson, J.); *Ivory v. Merck & Co., Inc.*, NO. 04-CV-7218, (N.D. Ill. Nov. 29, 2004) (Aspen, J.); *Morrison v. Merck & Co., Inc.*, No. 1:03-CV-1535 (S.D. Ind. Nov. 24, 2004) (Shields, M.J.); *Lewis v. Merck & Co., Inc.*, No. 04-CV-00685 (E.D. Tex. Nov. 23, 2004) (Clark, J.);*Zellmer v. Merck & Co., Inc.*, NO. 03-CV-2530 (N.D. Ga. Nov. 23, 2004) (Story, J.); *Whitmore v. Merck & Co., Inc.*, NO, 4:03-cv-01354 (E.D. Mo. Nov. 23, 2004) (Webber, J.); *Register v. Merck & Co., Inc.*, No. 3:04-CV-2259-R (N.D. Tex. Nov. 23, 2004) (Buchmeyer, J.); *Painton v. Merck & Co., Inc.*, No. 1:04-CV-686 (E.D. Tex. Nov. 22, 2004) (Crone, J.); *Turner v. Merck & Co., Inc.*, NO. 1:04cv999-T (M.D. Ala. Nov. 22, 2004) (Thompson, J.); *Schneider v. Merck & Co., Inc.*, No. 04-22632-Civ-Moreno (S.D. Fla. Nov. 19, 2004) (Moreno, J); *Wheatley v. Merck & Co., Inc.*, No. 2:04cv0020 (W.D. Va. Nov. 19, 2004) (Jones, J.), *Stamper v. Merck & Co., Inc.*, No-04-452 JMH (E.D. Ky. Nov. 18, 2004) (Hood, J.); *Lassig v. Merck & Co., Inc.*, No. 3:03-CV-0180-M (N.D. Tex. Nov. 17, 2004) (Lynn, J.); *Glover v. Merck & Co., Inc.*, No. 03-CV-5166 (D. Minn. Nov. 17, 2004) (Noel, M.J.); *Price v. Merck & Co, Inc.*, NO. 3:04cv866LN (S.D. Miss. Nov. 16, 2004) (Nicols, M.J.); *White v. Merck & Co., Inc.*, No 3:04-cv-2136 (W.D. La. Nov. 8, 2004) (Kirk, M.J.); *Magee v. Merck & Co., Inc.*, No. 2:03cv249 (S.D. Miss. Nov. 5, 2004) (Roper, M.J.); *McFarland v. Merck & Co., Inc.*, No. 03-CV-247 (S.D. Miss. Nov. 5, 2004) (Roper, M.J.); *Daley v. Merck & Co., Inc.,* No. 6:03cv509 (E.D. Tex. Nov. 1, 2004) (Guthrie, M.J.); *Hensley v. Merck & Co., Inc.*, No. CV-03-BE-906-E (N.D. Ala. Oct. 20, 2004) (Bowdre, J.).

### B.  WITHOUT A TEMPORARY STAY, MERCK WOULD BE SIGNIFICANTLY PREJUDICED WHILE PLAINTIFFS WILL SUFFER NO PREJUDICE.

Merck would be substantially prejudiced by duplicative efforts if a stay were not put in place. *See Bd. of Trs. of the Teachers' Ret. Sys.*, 244 F. Supp. 2d at 905 ("litigating essentially the same claims in courts all over the country is no doubt burdensome"). Without a temporary stay, Merck would be forced to duplicate its efforts in pre-trial proceedings not only in twenty-seven cases, but also later in the transferee court. Prejudice of this type weighs heavily in favor of a stay. *See Mathis v. Bristol-Myers-Squibb, Co.,* No. Civ.A. 03-0308, 2003 WL 1193668, at *2 (E.D. La. Mar. 12, 2003) (citing the "potential for duplicative discovery" as a "necessary factor in determining the 'hardship and inequity' imposed by denying a motion to stay"); *Arthur-Magna, Inc. v. Del-Val Fin Corp.*, Civ. A. No. 90-4378, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) (finding compelling, in its decision to grant a stay, "that the parties and issues of fact are common in all of the actions and that if separate discovery were to go forward [in ten cases], much work would be duplicated").

A temporary stay is especially appropriate given that Plaintiffs would suffer no prejudice. First, the delay will be minimal. See *Tench*, 1999 WL 1044923, at *2 ("A stay would be for only the limited period until the MDL Panel decides whether to consolidate the instant action . . . ."). The JPML is scheduled to hear the MDL requests on January 27, 2005, and is likely to issue its order shortly thereafter.

Second, the prejudice to Merck would far outstrip any harm to Plaintiffs by such minimal delay. *See Aikins*, 2000 WL 310391, at *1 (noting, in its decision to grant a stay, that plaintiffs had failed to show that they would suffer any significant prejudice); *Arthur-Magna*, 1991 WL 13725, at *1 (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are

8

compelling enough to warrant such a delay).  Indeed, should the JPML grant the MDL motion, all of the parties – including Plaintiffs – will benefit through increased efficiency and coordinated pre-trial case management and, as such, any potential delay is outweighed by the potential efficiencies available in a coordinated MDL proceeding.

Under these circumstances, Plaintiffs will experience no prejudice from the limited delay requested.

## CONCLUSION

For the foregoing reasons, the Court should grant Merck's motion to stay temporarily all proceedings in this case pending resolution of Merck's motion before the JPML for transfer of this case to a single court for coordinated pretrial management.  In the alternative, the Court should extend the time for Merck to respond to this action until March 14, 2005, after the JPML will most likely have rendered a transfer decision.

    Respectfully submitted,

By: s/ Nathan L. Garroway
Dan H. Ball #06192613
Nathan L. Garroway #50190
Attorneys for Defendant
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  314-259-2000
Facsimile:  314-259-2020
E-mail:       ngarroway@bryancave.com
              dball@bryancave.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 23, 2004, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

       James Peckert
       Kehart, Peckert & Booth
       132 South Water Street, Suite 200
       Post Office Box 860
       Decatur, Illinois 62525-0860
       Email: jep@kehart.com

       s/ Nathan L. Garroway
       Nathan L. Garroway #50190
       Attorneys for Defendant
       BRYAN CAVE LLP
       One Metropolitan Square
       211 North Broadway, Suite 3600
       St. Louis, Missouri 63102
       Telephone:  314-259-2000
       Facsimile:  314-259-2020
       E-mail:    ngarroway@bryancave.com