E-FILED
Thursday, 23 December, 2004 03:45:57 PM
Clerk, U.S. District Court, ILCD

1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: 202-721-4600
Fax: 202-721-4646

William R. Stein
Direct Dial: 202-721-4650
E-mail: stein@hugheshubbard.com

November 8, 2004

<u>By Hand Delivery</u>

Mr. Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC  20002-8004

   Re:  In re Merck & Co., Inc. Securities, "ERISA" and Shareholder Derivative
       Litigation

Dear Mr. Beck:

   Pursuant to Rule 5.12(a), enclosed for filing please find an original and eleven copies of the following:

     1. Merck & Co., Inc.'s Motion For Coordinated Pre-trial Proceedings
       Pursuant to 28 U.S.C. § 1407;

     2. Memorandum In Support of Merck & Co., Inc.'s Motion For
       Coordinated Pre-trial Proceedings Pursuant to § 1407;

     3. Schedule of Actions, pursuant to 7.2(a)(ii); and

     4. Merck & Co., Inc.'s Statement of Reasons Why Oral Argument
       Should Be Heard, pursuant to Rule 16.1(b).

   Courtesy copies of the complaints and docket sheets in the actions listed in the Rule 7.2(a)(ii) Schedule of Actions are also enclosed for the Panel's convenience.  In addition, pursuant to Rule 5.13(a), a computer-readable disk of the above materials, in WordPerfect format, is enclosed.

   Also, enclosed for filing please find, pursuant to Rule 5.12(a), an original of the following:

     1. Merck & Co., Inc.'s Notice of Appearance, pursuant to Rule 5.2(c);

One Battery Park Plaza
New York, NY
10004-1482
212-837-6000

47, Avenue Georges Mandel
75116 Paris, France
(33) (1) 44.05.80.00

1775 I Street, N.W.
Washington, D.C.
20006-2401
202-721-4600

201 South Biscayne Boulevard
Miami, FL
33131-4332
305-358-1666

DC 540884_1

2.  Merck & Co., Inc.'s Corporate Disclosure Statement, pursuant to Rule 5.3(b); and

3.  Certificate of Service and accompanying Service List.

Sincerely,

William R. Stein
Attorney for Merck & Co., Inc.

Enclosures

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**TO:** Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.E., Room G-255
Washington, D.C. 20002

**THIS FORM MUST BE RETURNED TO THE JUDICIAL PANEL NO LATER THAN**

Panel Fax No.: (202) 502-2888

In Re Merck & Co., Inc. Securities, "ERISA" and Shareholder Derivative Litigation    MDL Docket No. _____

## NOTICE OF APPEARANCE

**PARTIES REPRESENTED (indicate plaintiff or defendant—attach list if necessary):**

Defendants: Merck & Co., Inc., H. Brewster Atwater, Jr., Derek Birkin, Lawrence A. Bossidy, William G. Bowen, Erskine B. Bowles, Richard T. Clark, Johnnetta B. Cole, William M. Daley, Carolyne K. Davis, Caroline Dorsa, Lloyd C. Elam, Charles E. Exley, Jr., Niall FitzGerald, Kenneth C. Frazier, Raymohd V. Gilmartin, William B. Harrison, Jr., Richard C. Henriques, Jr., William N. Kelley, Peter S. Kim, Judy C. Lewent, Mary M. McDonald, Heidi G. Miller, Edward M. Scolnick, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Thier, Dennis Weatherstone

**SHORT CASE CAPTION(s) (Include District(s), Civil Action No(s).— attach list if necessary):**

See "Attachment A"

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of the plaintiff(s) defendant(s) indicated. I am aware that only one attorney can be designated for each party.

| November 8, 2004 | |
|---|---|
| Date | Signature of Attorney or Designee |

**Name and Address of Designated Attorney:**

William R. Stein
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, DC 20006

Telephone No.: (202) 721-4600

Fax No.: (202) 721-4646

**ORIGINAL ONLY OF APPEARANCE NEEDED BY US FOR FILING**
A CERTIFICATE OF SERVICE WILL BE REQUIRED IF THE APPEARANCE IS RECEIVED AFTER THE DUE DATE PRINTED ABOVE

JPML Form 18

Attachment A

*Pringle v. Merck & Co., Inc., et al.,* Case No. 03-CV-3125 (E.D. La. filed 11/6/03)

*Ravnitsky v. Merck & Co., Inc., et al.,* Consolidated Case No. 03-CV-3125 (Case No. 04-CV-0147) (E.D. La. filed 1/16/04)

*Reiner v. Merck & Co., Inc., et al.,* Consolidated Case No. 03-CV-3125, (Case No. 04-CV-0222) (E.D. La. filed 1/26/04)

*Stark v. Merck & Co., Inc., et al.,* Consolidated Case No. 03-CV-3125, (Case No. 04-CV-0406) (E.D. La. filed 2/12/04)

*Arnoff v. Merck & Co., Inc., et al.,* Case No. 04-CV-4864 (D.N.J. filed 10/1/04)

*Kalas v. Merck & Co., Inc., et al.,* Case No. 04-CV-1509 (W.D. Pa. filed 10/1/04)

*Berlien v. Merck & Co., Inc., et al.,* Case No. 04-CV-4657 (E.D. Pa. filed 10/4/04)

*Park East v. Gilmartin, et al.,* Case No. 04-CV-5462  (D.N.J. filed 10/12/04)

*Mullen v. Merck & Co., Inc., et al.,* Consolidated Case No. 03-CV-3125, (Case No. 04-2716) (E.D. La. filed 9/30/04)

*Mortensen v. Merck & Co., Inc., et al.,* Case No. 04-CV-4951 (D.N.J. filed 10/1/04)

*Burtoft v. Merck & Co., Inc., et al.,* Consolidated Case No. 03-CV-3125, (Case No. 04-CV-2762) (E.D. La. filed 10/6/04)

*Cimato v. Merck & Co., Inc., et al.,* Case No. 04-CV-4987 (D.N.J. filed 10/13/04)

*Horne v. Merck & Co., Inc., et al.,* Case No. 04-CV-5156 (D.N.J. filed 10/20/04)

*Nelson v. Merck & Co., Inc. et al.,* Case No. 04-CV-5260 (D.N.J. filed 10/25/04)

*Ugwuneri v. Merck & Co., Inc. et al.,* Case No. 04-CV-5397 (D.N.J. filed 11/02/04)

*Zonay v. Merck & Co., Inc. et al.,* Case No. 04-CV-5435 (D.N.J. filed 11/03/04)

*Staehr v. Gilmartin, et al.,* Case No. 04-CV-0721 (E.D. La. filed 3/11/04)

*Halpert Enterprises, Inc. v. Gilmartin, et al.,* Case No. 04-CV-0758 (E.D. La. 3/15/04)

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In Re Merck & Co., Inc. Securities, "ERISA," and Shareholder Derivative Litigation | ) ) ) ) ) ) | MDL Docket No. _____ |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 5.3(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and to enable judges of the Panel to evaluate possible disqualification or recusal, the undersigned attorney of record for Merck & Co., Inc. certifies that it has no parent companies, and no beneficial owner of more than ten percent of its Common Stock.

DATED this 8th day of November, 2004.

Respectfully submitted,

HUGHES HUBBARD & REED LLP

William R. Stein
1775 I Street, N.W.
Washington, DC  20006
202-721-4600 (telephone)
202-721-4646 (facsimile)

Attorneys for Merck & Co., Inc.

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| In Re Merck & Co., Inc. Securities, "ERISA," ) | MDL Docket No. _____ |
| and Shareholder Derivative Litigation ) | |
| ) | |

## MERCK & CO., INC.'S MOTION FOR COORDINATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Rule 7.2(a) of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation, Merck & Co., Inc. ("Merck") moves the Judicial Panel on

Multidistrict Litigation (the "Panel") for an order transferring and coordinating lawsuits

purportedly brought by or on behalf of Merck shareholders and identified in Merck's Rule

7.2(a)(ii) Schedule (the "Shareholder Lawsuits") to the United States District Court for the

Eastern District of Louisiana.  In further support of its motion, Merck states as follows:

1.      The Shareholder Lawsuits identified on Merck's Rule 7.2(a)(ii) Schedule fall into

three categories:  (1) claims arising under the Securities Exchange Act of 1934 and/or the

Securities Act of 1933; (2) claims arising under Employee Retirement Income Security Act

("ERISA"); and (3) shareholder derivative claims.  While the causes of action differ among these

three types of cases, they all arise as a result of Merck's allegedly misrepresenting, concealing and downplaying the safety risks of VIOXX® and Merck's resultant financial condition.

2.     Because the Shareholder Lawsuits raise numerous common questions of fact, and involve common discovery issues, transfer and coordination of the cases is the most efficient and just approach to their prompt adjudication.

3.     On September 30, 2004, Merck announced it was voluntarily withdrawing VIOXX® – an FDA-approved and widely prescribed pain medication – from the market.  Merck based its decision on new interim results of a prospective, randomized, placebo-controlled clinical trial that demonstrated an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking VIOXX® compared with those taking placebo.  Given the availability of alternative therapies and questions raised by the interim data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.  On the same day, Merck's stock price dropped.

4.     As of September 29, 2004, six securities and shareholder derivative lawsuits were already pending in the United States District Court for the Eastern District of Louisiana, and had been for over seven months to one year.  Since the withdrawal of VIOXX®, twelve additional lawsuits have been filed in federal court, and one has been filed in state court and removed to federal court.  Currently, therefore, there are nineteen federal suits pending in four federal district courts:  Eight cases are pending and consolidated before the Honorable Kurt D. Engelhardt in the Eastern District of Louisiana; nine are pending in the District of New Jersey (seven before the Honorable Stanley R. Chesler and two before the Honorable Mary L. Cooper); one is pending in the Eastern District of Pennsylvania (before the Honorable Timothy J. Savage); and one is pending in the Western District of Pennsylvania (before the Honorable Maurice B. Cohill, Jr.).

2

5.      As set forth more fully in the accompanying memorandum, transfer of the Shareholder Lawsuits (listed on Merck's Rule 7.2(a)(ii) Schedule) to the Eastern District of Louisiana for coordinated pretrial proceedings under 28 U.S.C. § 1407, will eliminate duplicative discovery, avoid conflicting pretrial rulings, conserve the resources of the judiciary, and otherwise promote the just and efficient conduct of all actions.

6.      The Eastern District of Louisiana is the most appropriate transferee forum because (1) it has eight cases pending there that have already been consolidated before Judge Engelhardt, who has gained some familiarity with the cases; and (2) the cases there are the most advanced.

WHEREFORE, Merck requests that the Panel enter an Order transferring the Shareholder Lawsuits, as well as any similar or related actions that might later be filed, to the United States District Court for the Eastern District of Louisiana for coordinated proceedings pursuant to 28 U.S.C. § 1407.

Dated:  November 8, 2004

Respectfully submitted,

HUGHES HUBBARD & REED LLP

William R. Stein
1775 I Street, N.W.
Washington, DC  20006
202-721-4600 (telephone)
202-721-4646 (facsimile)

Attorneys for Merck & Co., Inc.

3

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| In Re Merck & Co., Inc. Securities, "ERISA," | ) | MDL Docket No. _____ |
| and Shareholder Derivative Litigation | ) | |
| | ) | |

### MERCK & CO., INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR COORDINATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Merck & Co., Inc. ("Merck") submits this memorandum in support of its motion for transfer and coordination pursuant to 28 U.S.C. § 1407 of all cases purportedly brought by or on behalf of Merck shareholders arising out of the allegation that Merck concealed and downplayed the safety risks of VIOXX® and misrepresented Merck's resultant financial condition (identified in Merck's Rule 7.2(ii) Schedule) (the "Shareholder Lawsuits"). Merck requests that the Judicial Panel on Multidistrict Litigation (the "Panel") transfer the Shareholder Lawsuits to the Eastern District of Louisiana for coordinated pretrial proceedings.

### STATEMENT

On September 30, 2004, Merck announced it was voluntarily withdrawing VIOXX® – an FDA-approved and widely prescribed pain medication – from the market. Merck based its decision on new interim three-year data from a prospective, randomized, placebo-controlled

clinical trial that demonstrated an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking VIOXX® compared with those taking placebo. Given the availability of alternative therapies and questions raised by the interim data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients. On the same day, Merck's stock price dropped.

Beginning on the very day that Merck announced the withdrawal, plaintiffs began filing Shareholder Lawsuits alleging that Merck made misrepresentations relating to VIOXX®. The first such "post-withdrawal" lawsuit was filed in the Eastern District of Louisiana on September 30, 2004. *See Mullen v. Merck & Co, Inc.*, Consolidated Case No. 03-3125 (E.D. La. filed Sept. 30, 2004). This group of new lawsuits consists of purported class actions under the Securities Exchange Act of 1934 and/or the Securities Act of 1933 (on behalf of purchasers of Merck stock) and under the Employee Retirement Income Security Act ("ERISA") (on behalf of participants in Merck's retirement plans who purchased or held Merck stock). The gist of the complaints is the same – that Merck allegedly concealed and downplayed the safety risks of VIOXX® and misrepresented Merck's resultant financial condition.

While the new lawsuits apparently were prompted by (and make allegations about) the withdrawal of VIOXX® from the market, the basic allegations in these complaints were not new. Six similar consolidated "pre-withdrawal" shareholder lawsuits – four purported class actions under the Securities Exchange Act and two shareholder derivative actions – have been pending before the Honorable Kurt D. Engelhardt in the Eastern District of Louisiana since as early as November 6, 2003. These pre-withdrawal lawsuits also allege that Merck concealed and downplayed the risks associated with VIOXX® and misrepresented Merck's financial condition. Judge Engelhardt has issued orders appointing separate lead plaintiffs and lead counsel in the

securities and shareholder derivative actions, and has issued several scheduling orders.  (*See Pringle v. Merck, et al.*, Case No. 03-3125, Order (E.D. La. entered Mar. 3, 2004).  Judge Engelhardt has established a Master Docket for management of the consolidated cases.  Since September 30, two post-withdrawal ERISA cases have been filed in the Eastern District of Louisiana, and have been consolidated before Judge Engelhardt and added to the Pringle Master Docket.

On the day after the withdrawal announcement, lead counsel in the Pringle consolidated securities litigation informed Merck that the complaint would be amended to add allegations about the withdrawal and to extend the class period.  In fact, on November 6, 2004, plaintiffs in the Pringle litigation served their amended complaint alleging a class period ending October 29, 2004 .  Lead Counsel for the consolidated shareholder derivative cases in the Pringle Master Docket similarly have stated they will be filing an amended complaint that includes allegations related to the withdrawal.  Under the scheduling order in those cases, that amended consolidated complaint is due to be served no later than December 6, 2004.

Accordingly, as of November 8, 2004, Merck was aware of nineteen federal Shareholder Lawsuits with overlapping class periods, making similar allegations about alleged concealment of VIOXX®'s safety risks, misrepresentations regarding Merck's financial condition, and stock losses:[1]

| DISTRICT | JUDGE | CASE | CASE NO. | TYPE | PURPORTED CLASS PERIOD | DATE FILED |
|----------|-------|------|----------|------|------------------------|------------|
| E.D. La. | Engelhardt | Pringle v. Merck & Co., Inc., et al. | 03-CV-3125 | Securities | 5/21/99 – 10/29/04 | 11/6/03 |

---

[1]    Cases filed before Merck's announcement on September 30, 2004 that it was withdrawing VIOXX® from the market are shaded.

| E.D. La. | Engelhardt | Ravnitsky v. Merck & Co., Inc., et al. | 03-CV-3125 | Securities | 5/21/99 – 10/29/04 | 1/16/04 |
|---|---|---|---|---|---|---|
| E.D. La. | Engelhardt | Reiner v. Merck & Co., Inc., et al. | 03-CV-3125 | Securities | 5/21/99 – 10/29/04 | 1/26/04 |
| E.D. La. | Engelhardt | Stark v. Merck & Co., Inc. | 03-CV-3125 | Securities | 5/21/99 – 10/29/04 | 2/12/04 |
| E.D. La. | Engelhardt | Staehr v. Gilmartin | 03-CV-3125 | Shareholder Derivative | 5/22/99 – present | 3/11/04 |
| E.D. La. | Engelhardt | Halpert Enterprises, Inc. v. Gilmartin | 03-CV-3125 | Shareholder Derivative | 5/22/99 – present | 3/15/04 |
| E.D. La. | Engelhardt | Mullen v. Merck & Co., Inc. | 03-CV-3125 | ERISA | 8/12/99 – present | 9/30/04 |
| E.D. La. | Engelhardt | Burtoft v. Merck & Co., Inc. | 03-CV-3125 | ERISA | 5/21/99 – present | 10/6/04 |
| D.N.J. | Chesler | Arnoff v. Merck & Co., Inc. | 04-CV-4864 | Securities | 10/30/03 – 9/29/04 | 10/1/04 |
| D.N.J. | Chesler | Kanter v. Merck & Co., Inc. | 04-CV-5259 | Securities | 10/22/03 – 9/29/04 | 10/27/04 |
| D.N.J. | Chesler | Park East v. Merck & Co., Inc. | 04-CV-5462 | Securities | 4/22/02 – 9/30/04 | 10/12/04[2] |
| D.N.J. | Chesler | Horne v. Merck & Co., Inc. | 04-CV-5756 | ERISA | 8/12/99 – present | 10/20/04 |
| D.N.J. | Chesler | Nelson v. Merck & Co., Inc. | 04-CV-5260 | ERISA | 3/2000 – 10/1/04 | 10/25/04 |
| D.N.J. | Chesler | Ugwuneri v. Merck & Co., Inc. | 04-CV-5397 | ERISA | 5/21/99 – present | 11/2/04 |
| D.N.J. | Chesler | Zonay v. Merck & Co., Inc. | 04-CV-5435 | ERISA | 3/2000 – 10/1/04 | 11/3/04 |
| D.N.J. | Cooper | Mortensen v. Merck & Co., Inc. | 04-CV-4951 | ERISA | 5/21/99 – present | 10/1/04 |
| D.N.J. | Cooper | Cimato v. Merck & Co., Inc. | 04-CV-4987 | ERISA | 5/21/99 – 9/30/04 | 10/13/04 |
| W.D. Pa. | Cohill | Kalas v. Merck & Co., Inc. | 04-CV-1509 | Securities | 10/23/03 – 9/30/04 | 10/1/04 |
| E.D. Pa. | Savage | Berlien v. Merck & Co., Inc. | 04-CV-4657 | Securities | 11/5/03 – 9/29/04 | 10/4/04 |

There has been minimal activity in the post-withdrawal cases (other than consolidation of the post-withdrawal ERISA cases in the Eastern District of Louisiana with the pre-withdrawal actions there under the Master Docket and some scheduling stipulations).

---

[2]   This case was originally filed in the New Jersey Superior Court (Hunterdon County) and removed to the United States District Court for the District of New Jersey on November 8, 2004. Merck is also aware of two shareholder derivative lawsuits that were filed in the New Jersey Superior Court (Hunterdon County) after the withdrawal of VIOXX®. These cases have not been removed.

On October 18, 2004, a plaintiff in one of the recently-filed District of New Jersey VIOXX®-related "ERISA" lawsuits (Robert Mortensen) made a motion for transfer of all VIOXX®-related "ERISA" lawsuits to the District of New Jersey for pretrial proceedings under 28 U.S.C. § 1407.  (Merck's response to Plaintiff Mortensen's Motion is submitted separately.)

## ARGUMENT

Centralization of the Shareholder Lawsuits in one venue will promote the just and efficient conduct of the actions.  Moreover, because eight of the Shareholder Lawsuits are already consolidated and pending before Judge Engelhardt in the Eastern District of Louisiana, and six of those lawsuits have been pending for up to a year, the Eastern District of Louisiana is the most appropriate forum for centralization of the cases.

I.    **SECTION 1407 COORDINATION IS APPROPRIATE FOR THE SHAREHOLDER LAWSUITS**

As of November 8, 2004, Merck was aware of nineteen cases pending in federal district court all arising out of the allegations that Merck concealed or downplayed the cardiovascular risks associated with VIOXX® and misrepresented Merck's financial condition.  The Panel has recognized the propriety of centralizing related securities, ERISA and shareholder derivative suits in one forum where, as here, the cases share common facts.  *See, e.g., In re UnumProvident Corp. Sec., Derivative & "ERISA" Litig.*, 280 F. Supp. 2d 1377 (J.P.M.L. 2003); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 254 F. Supp. 2d 1368 (J.P.M.L. 2003); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 196 F. Supp. 2d 1375 (J.P.M.L. 2002).

In *Enron*, the Panel explained that "[w]hether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Enron, or participants in Enron retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974, all actions can be expected to focus on a significant

5

number of common events, defendants, and/or witnesses." *In re Enron,* 196 F. Supp. 2d at 1376;

*see also In re Global Crossing Ltd. Sec. & "ERISA" Litig.*, No. 1472, 2002 U.S. Dist. LEXIS

16863, at *3 (J.P.M.L. Sept. 6, 2002) (centralizing securities and ERISA litigation as the "actions

can be expected to focus on a significant number of common events, defendants, and/or

witnesses"). Because of this common nucleus of events, defendants and witnesses, the Panel

concluded "[c]entralization under 1407 is necessary in order to eliminate duplicative discovery,

prevent inconsistent pretrial rulings (especially with respect to questions of class certification),

and conserve the resources of the parties, their counsel and the judiciary." *Id.*

      Here, each of the cases share this common nucleus of events, defendants and witnesses.

All of the cases – the "ERISA," the securities and shareholder derivative cases – are premised on

the allegations that Merck concealed or downplayed the cardiovascular risks associated with

VIOXX® and, accordingly, misrepresented Merck's financial condition. *See, e.g., Mullen v.*

*Merck*, Case No. 04-2716, Complaint ¶ 1 (E.D. La. filed Sept. 30, 2004) ("This Complaint

challenges, among other breaches of fiduciary duty, defendants' selection and promotion of the

Merck Common Stock Fund . . . as an appropriate choice for employees of Merck to invest their

retirement savings in at a time when the officers of Merck responsible for the Plans knew or

should have known that Merck's financial and operating condition had been seriously damaged

by safety concerns associated with VIOXX®"); *Pringle v. Merck*, Case No. 03-3125,

Consolidated and Second Amended Class Action Complaint ¶ 4 (E.D. La. filed Aug. 9, 2004)

("During the Class Period, Defendants made a series of materially false and misleading

statements and omissions concerning, among other things, the safety profile of Merck's

prescription painkilling drug VIOXX . . . . Defendants concealed from the market that patients

taking VIOXX had a significantly increased risk of having a heart attack or other cardiovascular

event."); *Staehr v. Gilmartin*, Consolidated Case No. 03-3125 (Original Case No. 04-0721), Verified Shareholder Derivative Complaint For Breach of Fiduciary Duty, Abuse of Control, Gross Mismanagement, Waste of Corporate Assets and Unjust Enrichment ¶ 72 (E.D. La. filed Mar. 11, 2004) ("The Individual Defendants breached their duties of loyalty and good faith by allowing defendants to cause or by themselves causing the Company to misrepresent the attributes and test results for Vioxx . . . .").

## II.    THE EASTERN DISTRICT OF LOUISIANA IS THE MOST APPROPRIATE VENUE FOR THE SHAREHOLDER LAWSUITS

Because there are eight pending Shareholder Lawsuits consolidated under a Master Docket in the Eastern District of Louisiana – six of which have been pending for seven months to a year – the Eastern District of Louisiana is the most appropriate venue for MDL transfer.

28 U.S.C. § 1407 authorizes the transfer of civil proceedings "for the convenience of parties and witnesses" and when such transfer "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). In keeping with Section 1407's mandate, the Panel has most frequently centralized securities and ERISA cases in districts where cases were already pending and where the cases had progressed furthest.[3] Further, the Panel has shown a strong preference for assigning securities and ERISA MDLs to judges before whom one or more of the pending cases is assigned.[4] Taking these factors into consideration, the Eastern District of Louisiana is the most appropriate transferee court.

---

3.  *See, e.g., In re Worldcom, Inc., Sec. & "ERISA" Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002) (noting, in transferring securities and ERISA actions to the Southern District of New York, that "the constituent New York actions have already been coordinated or consolidated before a single judge in that district and are proceeding apace").

4   *See, e.g., In re UnumProvident Corp. Sec., Derivative & "ERISA" Litig.*, 280 F. Supp. 2d 1377, 1380 (J.P.M.L. 2003) (noting that, in transferee district, "the majority of the related federal court actions – thirteen of 22 – are

(Footnote continued on next page)

The Eastern District of Louisiana has the most experience with the Shareholder Lawsuits, has eight cases pending there, and has already demonstrated an ability to manage the cases appropriately. All eight cases pending in the Eastern District of Louisiana have been promptly consolidated before Judge Engelhardt. Further, the cases in the Eastern District of Louisiana are the furthest advanced. The Court has established a Master Docket for management of the cases, and has entered separate briefing schedules for the motions to dismiss in the consolidated securities cases and the consolidated shareholder derivative cases. Plaintiffs in the securities case served their Third Amended and Consolidated Complaint on November 6, 2004. (Defendants' motion to dismiss is due January 11, 2005.) Thus, a judge of the Eastern District of Louisiana already has some familiarity and experience with this litigation that other districts do not have.

## CONCLUSION

For the foregoing reasons, Merck requests that Plaintiff Mortensen's motion for MDL treatment of the VIOXX® "ERISA" cases be denied; and that the Panel grant Merck's Motion for coordinated pre-trial proceedings of the "ERISA" cases as well as the related securities and shareholder derivative cases, and that the Panel transfer all the cases to the Eastern District of Louisiana.

---

(Footnote continued from previous page)

pending before a single judge"); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 254 F. Supp. 2d 1368, 1370 (J.P.M.L. 2003) (noting that, in the transferee district, "fourteen of the sixteen actions are currently underway . . . before Judge David S. Doty").

Dated:  November 8, 2004

Respectfully submitted,

HUGHES HUBBARD & REED LLP

_____

William R. Stein
1775 I Street, N.W.
Washington, DC  20006
202-721-4600 (telephone)
202-721-4646 (facsimile)

Attorneys for Merck & Co., Inc.

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| In Re Merck & Co., Inc. Securities, "ERISA," | ) | MDL Docket No. _____ |
| and Shareholder Derivative Litigation | ) | |
| | ) | |

**Rule 7.2(a)(ii) Schedule of Actions**

DC 540828_1

*Securities Actions*

| NAME OF ACTION | COURT AND DIVISION | CIVIL ACTION NUMBER | DATE FILED | JUDGE ASSIGNED (IF ANY) |
|---|---|---|---|---|
| Frank Pringle, Individually and On Behalf of All Others Similarly Situated v. Merck & Co., Inc., Kenneth C. Frazier, Raymond V. Gilmartin, Richard C. Henriques, Jr., Peter S. Kim, Judy C. Lewent, and Edward Scolnick | E.D. La. (New Orleans) | Master Docket No. 03-3125 | 11/06/03 | Hon. Kurt D. Engelhardt |
| Ruth Ravnitsky, Individually and On Behalf of All Others Similarly Situated v. Merck & Co., Inc., Kenneth C. Frazier, Raymond V. Gilmartin, Richard C. Henriques, Jr., and Judy C. Lewent | E.D. La. (New Orleans) | Master Docket No. 03-3125 (original Case No. 04-0147) | 01/16/04 | Hon. Kurt D. Engelhardt |
| Isaac Reiner, Individually and On Behalf of All Others Similarly Situated v. Merck & Co., Inc., Kenneth C. Frazier, Raymond V. Gilmartin, Richard C. Henriques, Jr., and Judy C. Lewent | E.D. La. (New Orleans) | Master Docket No. 03-3125 (original Case No. 04-0222) | 01/26/04 | Hon. Kurt D. Engelhardt |
| Gail Lynn Stark, Individually and On Behalf of All Others Similarly Situated v. Merck & Co., Inc., Kenneth C. Frazier, Raymond V. Gilmartin, Richard C. Henriques, Jr., and Judy C. Lewent | E.D. La. (New Orleans) | Master Docket No. 03-3125 (original Case No. 04-0406) | 02/12/04 | Hon. Kurt D. Engelhardt |
| Loren Arnoff, Individually and On Behalf of All Others Similarly Situated v. Merck & Co., Inc., Kenneth C. Frazier, Raymond V. Gilmartin, and Richard C. Henriques, Jr. | D.N.J. (Trenton) | 04-4864 | 10/01/04 | Hon. Stanley R. Chesler |

| Theodore Kalas & Lee Benjamin Hurwitz, Individually And On Behalf of All Others Similarly Situated v. Merck & Co., Inc., Kenneth C. Frazier, Raymond V. Gilmartin, Richard C. Henriques, Jr., and Judy C. Lewent | W.D. Pa. (Pittsburgh) | 04-1509 | 10/01/04 | Hon. Maurice B. Cohill, Jr. |
| David P. Berlien, Individually and On Behalf of All Others Similarly Situated v. Merck & Co., Inc., Raymond V. Gilmartin, and Peter S. Kim | E.D. Pa. (Philadelphia) | 04-4657 | 10/04/04 | Hon. Timothy J. Savage |
| Park East Inc., on Behalf of Itself, and All Others Similarly Situated v. Merck & Co., Inc., Raymond V. Gilmartin, Judy C. Lewent, Richard C. Henriques, Jr., Lawrence A. Bossidy, William G. Bowen, Johnnetta B. Cole, Niall FitzGerald, William B. Harrison, Jr., William N. Kelley, Heidi G. Miller, Edward M. Scolnick, Thomas E. Shenk, Anne M. Tatlock, and Samuel O. Thier | D.N.J. (Trenton) | 04-5462 | 10/12/04 | Hon. Stanley R. Chesler |
| Rhoda Kanter, Individually and On Behalf of All Others Similarly Situated v. Merck & Co., Inc., and Raymond V. Gilmartin | D.N.J. (Trenton) | 04-5259 | 10/27/04 | Hon. Stanley R. Chesler |

*"ERISA" Actions*

| NAME OF ACTION | COURT AND DIVISION | CIVIL ACTION NUMBER | DATE FILED | JUDGE ASSIGNED (IF ANY) |
|---|---|---|---|---|
| Vincent P. Mullen, on Behalf of Himself and a Class of Persons Similarly Situated, and on Behalf of the Merck & Co., Inc. Employee Savings and Security Plan, the Merck & Co., Inc. Employee Stock Purchase and Savings Plan and the Merck Puerto Rico Employee Savings and Security Plan v. Merck & Co., Inc., the Employee Benefits Committee, Kenneth C. Frazier, Raymond V. Gilmartin, Judy C. Lewent, Caroline Dorsa, and John Does 1-30 | E.D. La. (New Orleans) | Master Docket No. 03-3125 (original Case No. 04-2716) | 09/30/04 | Hon. Kurt D. Engelhardt |

| | | | | |
|---|---|---|---|---|
| Robert Mortensen, Individually and on Behalf of All Others Similarly Situated v. Merck & Co., Inc. and Raymond V. Gilmartin | D.N.J. (Trenton) | 3:04-04951 | 10/01/04 | Hon. Mary L. Cooper |
| Denise Burtoft, Individually and on Behalf of All Other Similarly Situated v. Merck & Co., Inc., Raymond V. Gilmartin, Richard T. Clark, Kenneth C. Frazier, Judy C. Lewent, and John Does 1-25 | E.D. La. (New Orleans) | Master Docket No. 03-3125<br><br>(original Case No. 04-2762) | 10/06/04 | Hon. Kurt D. Engelhardt |
| Robert Cimato, Individually, on Behalf of the Merck & Co., Inc. Employee Stock Purchase and Savings Plan; the Merck & Co., Inc. Employee Savings and Security Plan; and on Behalf of a Class of Similarly Situated Individuals v. Merck & Co., Inc., Raymond V. Gilmartin, Caroline Dorsa, and John Does 1-30 | D.N.J. (Trenton) | 04-4987 | 10/13/04 | Hon. Mary L. Cooper |
| Henry Douglas Horne, Jr., Individually, on Behalf of All Other Persons Similarly Situated and on Behalf of the Merck & Co., Inc. Employee Savings and Security Plan and the Merck & Co., Inc. Employee Stock Purchase and Savings Plan v. Merck & Co., Inc., Raymond V. Gilmartin, The Management Committee, and John Does 1-25 | D.N.J. (Trenton) | 04-5156 | 10/20/04 | Hon. Stanley R. Chesler |
| Darrell W. Nelson, on Behalf of Himself and a Class of Persons Similarly Situated v. Merck & Co., Inc., Raymond V. Gilmartin, Caroline Dorsa, and Plan Committee Members, John Does 2-10 | D.N.J. (Trenton) | 04-5260 | 10/25/04 | Hon. Stanley R. Chesler |

| | | | | |
|---|---|---|---|---|
| Zeph Ugwuneri, Individually and on Behalf of All Others Similarly Situated v. Merck & Co., Inc., Raymond Gilmartin, Lawrence A. Bossidy, William G. Bowen, Johnnetta B. Cole, William M. Daley, William N. Kelley, H. Brewster Atwater, Lloyd C. Elam and John Does 1-10 | D.N.J. (Trenton) | 04-5397 | 11/02/04 | Hon. Stanley R. Chesler |
| Andrew S. Zonay, on Behalf of Himself and a Class of Persons Similarly Situated v. Merck & Co., Inc., Raymond V. Gilmartin, Caroline Dorsa, and Plan Committee Members, John Does 2-10 | D.N.J. (Trenton) | 04-5435 | 11/03/04 | Hon. Stanley R. Chesler |

*Shareholder Derivative Actions*

| NAME OF ACTION | COURT AND DIVISION | CIVIL ACTION NUMBER | DATE FILED | JUDGE ASSIGNED (IF ANY) |
|---|---|---|---|---|
| Doris Staehr, Derivatively On Behalf of Merck & Co., Inc. v. Raymond V. Gilmartin, Judy C. Lewent, Kenneth C. Frazier, Richard C. Henriques, Jr., Lawrence A. Bossidy, William G. Bowen, Johnnetta B. Cole, William B. Harrison, Jr., William N. Kelley, Samuel O. Thier, Heidi G. Miller, Thomas E. Shenk, William M. Daley, Anne M. Tatlock, H. Brewster Atwater, Jr., Edward M. Scolnick, Dennis Weatherstone, Charles E. Exley, Jr., Sir Derek Birkin, Carolyne K. Davis, Lloyd C. Elam, Niall FitzGerald, and Erskine B. Bowles | E.D. La. (New Orleans) | Master Docket No. 03-3125

(original Case No. 04-0721) | 03/11/04 | Hon. Kurt D. Engelhardt |

| | | | | |
|---|---|---|---|---|
| Halpert Enterprises, Inc., Derivatively On Behalf of Merck & Co., Inc. v. Raymond V. Gilmartin, Judy C. Lewent, Kenneth C. Frazier, Richard C. Henriques, Jr., Lawrence A. Bossidy, William G. Bowen, Johnnetta B. Cole, William B. Harrison, Jr., William N. Kelley, Samuel O. Thier, Heidi G. Miller, Thomas E. Shenk, William M. Daley, Anne M. Tatlock, H. Brewster Atwater, Jr., Edward M. Scolnick, Dennis Weatherstone, Charles E. Exley, Jr., Sir Derek Birkin, Carolyne K. Davis, Lloyd C. Elam, Niall FitzGerald, and Erskine B. Bowles | E.D. La. (New Orleans) | Master Docket No. 03-3125 (original Case No. 04-0758) | 03/15/04 | Hon. Kurt D. Engelhardt |

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| In Re Merck & Co., Inc. Securities, "ERISA," | ) | MDL Docket No. _____ |
| and Shareholder Derivative Litigation | ) | |
| | ) | |

**MERCK & CO., INC.'S STATEMENT OF**
**REASONS WHY ORAL ARGUMENT SHOULD BE HEARD**

Merck & Co., Inc. ("Merck") respectfully submits that, as set forth in Merck's

Motion For Coordinated Pre-trial Proceedings Pursuant to 28 U.S.C. § 1407, this is a

significant matter involving multiple class action lawsuits pending in various federal

district courts nationwide, and oral argument is appropriate to address the issues raised in

Motion For Coordinated Pre-trial Proceedings Pursuant to 28 U.S.C. § 1407 and the

memorandum in support thereof.

Dated:  November 8, 2004                Respectfully submitted,

                                        HUGHES HUBBARD & REED LLP

                                        William R. Stein
                                        1775 I Street, NW
                                        Washington, DC  20006-2401
                                        (202) 721-4600 (telephone)
                                        (202) 721-4646 (facsimile)

                                        Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I, William R. Stein, hereby certify that on November 8, 2004, I caused to be served a true and correct copy of Merck & Co., Inc.'s Notice of Appearance; Merck & Co., Inc.'s Corporate Disclosure Statement; Merck & Co., Inc.'s Motion For Coordinated Pre-trial Proceedings Pursuant to 28 U.S.C. § 1407; Merck & Co., Inc.'s Memorandum In Support of Its Motion For Coordinated Pre-trial Proceedings Pursuant to 28 U.S.C. § 1407, Rule 7.2(a)(ii) Schedule of Actions; and Merck & Co. Inc.'s Statement of Reasons Why Oral Argument Should Be Heard upon the following by United States Mail, First Class postage prepaid:

**ALL COUNSEL AND CLERKS OF COURT PER THE ATTACHED SERVICE LIST**

William R. Stein

# SERVICE LIST

*Securities Actions*

| Case Name | Parties Served |
|---|---|
| *Pringle v. Merck & Co., Inc. et al.*<br>*Ravnitsky v. Merck & Co., Inc. et al.*<br>*Reiner v. Merck & Co., Inc. et al.*<br>*Stark v. Merck & Co., Inc. et al.* | Melvyn I. Weiss, Esq.<br>Richard H. Weiss, Esq.<br>Bruce D. Bernstein, Esq.<br>Milberg Weiss Bershad & Schulman LLP<br>One Pennsylvania Plaza<br>New York, NY 10119-0165<br><br>Jules Brody, Esq.<br>Mark Levine, Esq.<br>Stull, Stull & Brody<br>6 East 45th Street, 5th Floor<br>New York, NY 10017<br><br>**Co-Lead Counsel for Plaintiffs**<br><br>C. Mark Whitehead, III, Esq.<br>The Whitehead Law Firm<br>610 Baronne Street<br>New Orleans, LA 70113<br><br>Lewis S. Kahn, Esq.<br>Kahn Gauthier Law Group, LLC<br>One Galleria Boulevard, Suite 1726<br>Metairie, LA 70001<br><br>**Co-Liaison Counsel for Plaintiffs**<br><br>Christopher A. Seeger, Esq.<br>Seeger Weiss LLP<br>One William Street<br>New York, NY 10004<br><br>Shelly A. Sanford, Esq.<br>Goforth Lewis Sanford LLP<br>Suite 2200, 1111 Bagby<br>Houston, TX 77002<br><br>**Counsel for Plaintiffs** |

| | |
|---|---|
| *Arnoff v. Merck & Co., Inc. et al.* | Andrew R. Jacobs, Esq.<br>Epstein, Fitzsimmons, Brown, Gioia, Jacobs & Sprouls, P.C.<br>245 Green Village Road<br>P.O. Box 901<br>Chatham Township, NJ  07928-0901<br><br>Gregory M. Nespole. Esq.<br>Stacey T. Kelly, Esq.<br>Wolf Haldenstein Adler Freeman & Herz LLP<br>270 Madison Avenue<br>New York, NY  10016<br><br>Bruce Murphy, Esq.<br>Law Offices of Bruce Murphy<br>265 Llwyds Lane<br>Vero Beach, FL  32963<br><br>**Counsel for Plaintiff** |
| *Kalas v. Merck & Co., Inc. et al.* | Jeffrey L. Suher, Esq.<br>Suher Law Office, PC<br>4328 Old William Penn Highway<br>Suite 2J<br>Monroeville, PA 15146<br><br>**Counsel for Plaintiffs** |
| *Berlien v. Merck & Co., Inc. et al.* | Deborah R. Gross, Esq.<br>Law Offices of Bernard M. Gross, P.C.<br>1515 Locust Street, 2nd Floor<br>Philadelphia, PA 19102<br><br>James Orman, Esq.<br>1845 Walnut Street, 14th Floor<br>Philadelphia, PA 19103<br><br>**Counsel for Plaintiff** |
| *Park East Inc. v. Merck & Co., Inc. et al.* | Allyn Z. Lite, Esq.<br>Joseph J. DePalmas, Esq.<br>Susan D. Pontoriero, Esq.<br>Lite DePalma Greenberg & Rivas, LLC<br>Two Gateway Center, 12th Floor<br>Newark, NJ  07102<br><br>**Counsel for Plaintiff** |

| *Kanter v. Merck & Co., Inc., et al.* | Tina Moukoulis, Esq.<br>Deborah R. Gross, Esq.<br>Law Offices of Bernard M. Gross, P.C.<br>1515 Locust Street, 2nd Floor<br>Philadelphia, PA 19102<br><br>Carol Gilden, Esq.<br>Much Shelist Freed Denenberg Ament &<br>Rubenstein, P.C.<br>191 North Wacker Drive<br>Suite 1800<br>Chicago, IL  60606-1615<br><br>**Counsel for Plaintiff** |

*"ERISA" Actions*

| Case Name | Parties Served |
|---|---|
| *Mullen v. Merck & Co., Inc. et al.* | Lionel H. Sutton, III, Esq.<br>The Sutton Law Firm<br>610 Baronne Street<br>New Orleans, Louisiana  70113<br><br>**Counsel for Plaintiff** |
| *Mortensen v. Merck & Co., Inc. et al.* | Richard S. Schiffrin, Esq.<br>Joseph H. Meltzer, Esq.<br>Katherine B. Bornstein, Esq.<br>Three Bala Plaza East, Suite 400<br>Bala Cynwyd, PA  19004<br><br>Joseph J. DePalma, Esq.<br>Susan Pontoriero, Esq.<br>Lite DePalma Greenberg & Rivas, LLC<br>Two Gateway Center, 12th Floor<br>Newark, NJ  07102<br><br>**Counsel for Plaintiff** |

| | |
|---|---|
| *Burtoft v. Merck & Co., Inc. et al.* | Stephen H. Kupperman, Esq.<br>Barasso Usdin Kupperman Freeman & Sarver, LLC<br>909 Poydras, Suite 1800<br>New Orleans, LA  70112<br><br>Kenneth Vianale, Esq.<br>Vianale & Vianale LLP<br>The Plaza – Suite 801<br>5355 Town Center Road<br>Boca Raton, FL  33486<br><br>Daniel S. Sommers, Esq.<br>Marc I. Machiz, Esq.<br>R. Joseph Barton, Esq.<br>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.<br>1100 New York Avenue, NW<br>Suite 500, West Tower<br>Washington, DC  20005<br><br>Ronen Sarraf, Esq.<br>Joseph Gentile, Esq.<br>Sarraf Gentile LLP<br>111 John Street, 8th Floor<br>New York, NY  10038<br><br>**Counsel for Plaintiff** |
| *Cimato v. Merck & Co., Inc. et al.* | Lisa J. Rodriguez, Esq.<br>Trujillo Rodriguez & Richards, LLC<br>8 Kings Highway West<br>Haddonfield, NJ  08033<br><br>Robert A. Izard, Esq.<br>Andrew M. Schatz, Esq.<br>Wayne T. Boulton, Esq.<br>Schatz & Nobel, P.C.<br>20 Church Street, Suite 1700<br>Hartford, CT  06103<br><br>**Counsel for Plaintiff** |

| | |
|---|---|
| *Horne v. Merck & Co., Inc. et al.* | Ellen M. McDowell, Esq.<br>McDowell Riga<br>46 West Main Street<br>Maple Shade, NJ 08052<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>James F. Conway, III, Esq.<br>Johnson & Perkinson<br>P.O. Box 2305<br>1690 Williston Road<br>South Burlington, VT 05403<br><br>**Counsel for Plaintiff** |
| *Nelson v. Merck & Co., Inc. et al.* | Olimpio Lee Squitieri, Esq.<br>Squitieri & Fearon, LLP<br>13 James Street<br>Morristown, NJ 07960<br><br>Robert I. Harwood, Esq.<br>Jeffrey M. Norton, Esq.<br>Wechsler Harwood, LLP<br>488 Madison Avenue<br>8th Floor<br>New York, NY 10022<br><br>Charles J. Piven, Esq.<br>Law Offices of Charles J. Piven, P.A.<br>The World Trade Center<br>401 East Pratt Street, Suite 2525<br>Baltimore, MD 21202<br><br>**Counsel for Plaintiff** |

| *Ugwuneri v. Merck & Co., Inc. et al.* | Peter S. Pearlman, Esq.<br>Cohn Lifland Pearlman Herrmann & Knopf LLP<br>Park 80 Plaza West-One<br>Saddle Brook, NJ  07663<br><br>David R. Scott, Esq.<br>Neil Rothstein, Esq.<br>Scott + Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br><br>Geoffrey M. Johnson, Esq.<br>33 River Street<br>Chagrin Falls, OH  44022<br><br>**Counsel for Plaintiff** |
|---|---|
| *Zonay v. Merck & Co., Inc. et al.* | Olimpio Lee Squitieri, Esq.<br>Squitieri & Fearon, LLP<br>13 James Street<br>Morristown, NJ  07960<br><br>Robert I. Harwood, Esq.<br>Jeffrey M. Norton, Esq.<br>Wechsler Harwood, LLP<br>488 Madison Avenue<br>8th Floor<br>New York, NY  10022<br><br>**Counsel for Plaintiff** |

*Shareholder Derivative Actions*

| **Case Name** | **Parties Served** |
|---|---|
| *Staehr v. Gilmartin et al.*<br>*Halpert Enterprises, Inc. v. Gilmartin et al.* | Andrew A. Lemmon, Esq.<br>Lemmon Law Firm<br>15068 River Road<br>P.O. Box 904<br>Hahnville, LA  70057<br><br>**Co-Liaison Counsel for Derivative Plaintiffs**<br><br>Joe R. Whatley, Jr., Esq.<br>Peter H. Burke, Esq.<br>Whatley Drake, L.L.C.<br>2323 2nd Avenue North<br>P.O. Box 10647<br>Birmingham, AL  35202 |

|  | Brian J. Robbins, Esq.<br>Jeffrey P. Fink, Esq.<br>Caroline A. Schnurer Esq.<br>Robbins Umeda & Fink, LLP<br>1010 Second Avenue, Suite 2360<br>San Diego, CA  92101<br><br>**Co-Lead Counsel for Derivative Plaintiffs** |
|---|---|

### District Court Clerks

| Case Names | Clerks Served |
|---|---|
| *Pringle v. Merck & Co., Inc. et al.*<br>*Ravnitsky v. Merck & Co., Inc. et al.*<br>*Reiner v. Merck & Co., Inc. et al.*<br>*Stark v. Merck & Co., Inc. et al.*<br>*Staehr v. Gilmartin et al.*<br>*Halpert Enterprises, Inc. v. Gilmartin et al.*<br>*Mullen v. Merck & Co., Inc. et al.*<br>*Burtoft v. Merck & Co., Inc. et al.* | Ms. Loretta G. Whyte, Clerk of Court<br>United States District Court for the Eastern<br>District of Louisiana<br>500 Poydras Street, Room C151<br>New Orleans, LA  70130 |
| *Arnoff v. Merck & Co., Inc. et al.*<br>*Park East, Inc. v. Merck & Co., Inc. et al.*<br>*Kanter v. Merck & Co., Inc., et al.*<br>*Mortensen v. Merck & Co., Inc. et al.*<br>*Cimato v. Merck & Co., Inc. et al.*<br>*Horne v. Merck & Co., Inc. et al.*<br>*Nelson v. Merck & Co., Inc. et al.*<br>*Ugwuneri v. Merck & Co., Inc. et al.*<br>*Zonay v. Merck & Co., Inc. et al.* | Office of the Clerk of Court<br>United States District Court for the District of<br>New Jersey<br>Clarkson S. Fisher Federal Building & U.S.<br>Courthouse<br>402 E. State Street<br>Trenton, NJ  08608 |
| *Kalas v. Merck & Co., Inc. et al.* | Office of the Clerk of Court<br>United States District Court for the Western<br>District of Pennsylvania<br>U.S. Post Office & Courthouse<br>Seventh Avenue & Grant Street<br>Pittsburgh, PA  15219 |
| *Berlien v. Merck & Co., Inc. et al.* | Office of the Clerk of Court<br>United States District Court for the Eastern<br>District of Pennsylvania<br>U.S. Courthouse<br>601 Market Street, Room 2609<br>Philadelphia, PA  19106-1797 |